23-1367 United States v. Davis. Good morning and may it please the court. I'm John Gribelius on behalf of Omari Davis. I will try to carve out three minutes of rebuttal time if I'm able to, your honors. This case presents a straightforward question. Whether Mr. Davis's conviction in Colorado for distributing baking soda was punishable by more than a year in prison, which was the statutory maximum in Colorado for his particular conviction. The answer is no. In order for the Colorado court to have imposed a sentence above a year, it would have first had to have found that Mr. Davis or that his case had an aggravating factor present. And even before that, it would have had to have given him a chance of notice and a chance to contest that that aggravating factor existed in a basis for a sentence above a year was present. Of course, none of this happened in this case and so my client was ineligible for 922g1 prosecution. Starting with Colorado law. In Colorado, a sentencing court may not impose a sentence in the aggravated range in any case unless it finds an aggravating factor is present. Before it may do so, as I just discussed, the defendant has to have the opportunity to contest that facts existence and that it's an aggravating factor. Now here, what happened below was the parties in a plea agreement stipulated there were no aggravating facts. And I think the government and I at least agree insofar as the court accepted that agreement that it accepted there were no aggravating circumstances here. Certainly the Colorado court did not advise Mr. Davis that he could face a sentence above a year and it did not find any aggravating factors in that case. Now under Colorado law, therefore, Mr. Davis did not face a sentence above a year. That is all that matters under this court's decisions in Heise and Brooks because what we know from those decisions is that we pay attention to the defendant's specific conviction, ignoring hypotheticals and what a hypothetical defendant could face in that scenario. And when we do that, we look at the defendant's record of conviction. And the defendant's record of conviction, if we want to be able to determine whether a certain sentencing range is available, and if it's contingent upon certain findings, we look to see whether those findings were made. And that comes from Heise. Can I ask you about comparison with Heise and Brooks? So those cases we're reviewing Kansas sentencing scheme and in Kansas the aggravating factors are pronounced and there's even a form in a box that has to be checked. But my reading of the briefs here is that in Colorado, aggravating circumstances are mentioned in the sentencing statute, but that there's no real limitation on what the judge can determine is an aggravating circumstance. Is that right? Yes, the fund of information of facts is not limited by the statute, Your Honor. How is that correct? So in other words, the court, anything the court on its own determined to be aggravating, it could use to then sentence above the presumptive box, even if it's not listed in the statute anywhere or any case law can just on its own whim? Well, within reason and within appellate review and guardrails, correct. But I will point out again, what are those guardrails? Okay, well, first of all, in the briefs, as I discussed, the fact itself has to be unique to the defendant or the crime itself. So it actually has to be unique. It can't just be commission of the crime itself, for instance. So I cited the Manley case where the court just said, hey, I think for deterrence purposes, I'm going to aggravate this. And the Court of Appeals said, no, that's not an aggravating factor. That's not unique to this case. It's common to every case. So we do have guardrails. But more importantly, Your Honors, the fund and universe of evidence or facts that a Colorado court may consider is irrelevant for our purposes. Because what has to happen is the court has to find that the aggravating factor actually exists. Now, in Colorado, there might be a bigger fund of information available than in Kansas. But there are also really important essential procedural safeguards and limitations on the court's ability to find aggravating factors, which comes from that Lopez decision, which is also an upshot of the Blakeley decision, as we all know. Can I also ask about both Lopez and Mountjoy, those Colorado Supreme Court cases. As I recall, they were reviewing the Colorado felony sentencing statute. Here we're talking about the drug statute. Is there any meaningful difference between those two sentencing statutes that makes a difference in our application of Mountjoy or Lopez? No, Your Honor, I don't believe so. Neither the government or I seem to disagree on that. The only real difference between them is, there's a slight wording difference between the two, but essentially Colorado's drug felony sentencing statutes almost verbatim copy in relevant respects the 18-1.3401 regular felony statutes in Colorado. So there is no meaningful difference. What is the aggravating factor that the government relies on here? The government doesn't identify one. It wasn't the prior conviction? The government notes that there was a prior misdemeanor in the record, but it does not specifically identify that as the factor here. The government's position is, we don't need a specific factor. The aggravated range is always available in any case, no matter what, and that the court has essentially free-wheeling open-ended discretion to impose whatever sentence within the aggravated range. And more important, the government's position? It isn't. Because under Lopez, the Colorado Supreme Court had to reconcile its sentencing scheme with Apprendi and Blakely, and what the Colorado Supreme Court said was, look, the presumptive is the maximum range in any given case without additional fact-finding. In order to go above the presumptive, there has to be additional fact-finding. However, we are limited by Blakely. So the judge cannot just perform that willy-nilly. There has to be a waiver of Blakely rights, or it has to be found by a jury beyond a reasonable doubt. But the Colorado Supreme Court, instead of striking that statute that, you know, the government reads as providing this open-ended discretion, instead the Colorado Supreme Court interpreted it to severely limit the judge's discretion so that it would be constitutional. But unless you stipulate it to, it's got to be found by the jury, although a judge could find prior convictions. Is that right? That is correct. But then the judge, even if it found a prior conviction, would still have to make a fact-finding that it was an aggravating circumstance. Is that correct? Well, so what the judge would have to do is fact-find that the prior conviction existed. Excuse me, Your Honor. The next determination is whether that fact is, in fact, an aggravating. And that itself is a legal determination, but the court still must make that as well on the record in order to impose an aggravated sentence. So there's really a multi-step process before a court can impose an aggravated range sentence. And was there any reference at sentencing to this prior conviction in the state court? Not by the court itself. This came up sort of in passing by the parties when they were working out logistically how they were going to work out the probation sentence that was handed down. But we don't know what that misdemeanor was for. We don't know when it was committed. We don't know from the record. So we know nothing about the misdemeanor? Not from the record of the conviction, no. And from the record at sentencing in state court, do we know anything about this? Oh, no. And I'm sorry, Your Honor. I'm basically using the record of conviction and the record in the sentencing proceeding synonymously. But no. Based on the transcript of the sentencing hearing is what I'm referring to. And that's the only place that it appears. And again, that's just where the parties mention it in passing. And I think the only other thing we knew about it was... They didn't say what the misdemeanor was? They did not. The only thing we know, I think, is that it was out of Adams County. I think that's the only thing that they mentioned, and that he had probation for it. But again, we don't know how long, when it was committed, what it was for. Just that it was there. And the court never found that it was there. It certainly never found that it was aggravating. And, Your Honors, if we look at the record of conviction, as I just said, it does not support that my client was punishable by more than a year in prison. And so, therefore, under Heise and Brooks, this court should reverse. Can I ask one more question? Oh, go ahead, Judge Fields. Do the parties' stipulation control? If the parties say there aren't any aggravators, the court is bound to say, I can't enhance? No, I mean, the court can reject a plea stipulation. If it accepts the plea with the stipulation, is that game over, as far as an aggravated penalty? In Colorado, yes. But there's one other thing I want to point out. Why could the court not say, all right, I'm willing to help clear the docket here, even though I think there was an aggravator here, I'm not going to push it. And so, go ahead, and we'll go with the lesser sentencing. But had you gone to trial, the judge is thinking to himself or herself, I think you would have been subject to an aggravator. And why would that not be punishable? Well, because in that situation, the judge isn't making a formal finding that's giving the defendant a chance to contest that. The judge is basically referring to a contingency or hypothetical that we do not follow under Hy-Zee and Brooks. We don't pay attention to the hypotheticals. But there's one other point I wanted to make about this plea agreement. I'm not just hanging my hat on the plea agreement. Under Colorado law, under Lopez, a Colorado court is required before imposing a sentence to consider whether there are So, by implication, if a Colorado court does not find that this aggravating factor exists or any aggravating factor exists, it therefore does not exist. It's an implicit finding that there is no aggravation. And that's also what happened here. Counsel, the discussion between Judge Moore at the hearing to determine the motion to dismiss the indictment, at one point, as I recall, Judge Moore's engaged in a dialogue with the defense counsel about the underlying predicate that the Colorado state sentencing judge was considering, or the facts that that sentencing judge could consider. And Judge Moore says to the defense lawyer that the state judge could have sentenced him above the sentencing range, not based on facts, but based upon, quote, his judgment. And the defense lawyer at the district court agreed with that. Do we take that as any sort of concession here that was made before the district court that sort of led Judge Moore into the decision that he made? No, Your Honor. I'll say that for a couple of reasons. Certainly, the government has never pressed a theory of waiver. The government has conceded that this issue is reviewable and that it's preserved. Moreover, I would direct the court, actually, to several pages later in the district court transcript at page 126, where defense counsel brings the Lopez case to the court's attention, asking the court to follow the Lopez decision, and cites, or actually, better yet, quotes the language, the operative language that an additional fact-finding is required. He says, when he's explaining the Lopez decision, quote, the judge cannot make that judgment, that is, aggravation, without finding some facts to support it beyond the bare elements of the offense. And so this is defense counsel quoting the Lopez case and certainly asking Judge Moore to follow it. I'll also point out that defense counsel repeatedly says that there must be some sort of finding in order to have the aggravating fact. And a finding or found, I mean, that's a legal term of art. Judges don't find judgments or opinions. Judges find facts. So I don't think there's any sort of waiver here or anything like that. Counsel is clearly trying to get the court to follow the Lopez decision. I'm sorry. Also, a moment ago you said that Colorado law requires a sentencing court to consider whether there are aggravating circumstances or factors. Is that in the Colorado statute, and if so, where? I believe it is in the Colorado statute. I can't say that right off the top of my head. It is actually stated in Lopez, and there is a citation. It might be in the general sentencing scheme under 18-1.3401, but I'm not positive on that. Unless there are further questions, I'll reserve my time. Morning, Your Honors, and may it please the Court. Rajiv Mohan for the United States. I would submit that the question here is not whether the trial court found an aggravating circumstance, but whether it could have, based on Mr. Davis's record of conviction. I think that is consistent with Heise's definition of the term punishable as capable of being punished by law or right, and it is further not inconsistent with Heise's warning that we cannot rely on a hypothetical defendant. Now, I want to address state law and make two fundamental points to try and show why that sentence was possible here. And the first point goes to this question of Lopez and the Sixth Amendment, and whether additional fact-finding is necessary to impose an aggravated sentence. And the fundamental point I would make about Lopez is that it does not say that additional fact-finding is necessary. It simply says that if the trial court engages in additional fact-finding, it must do so in accordance with the Sixth Amendment. To quote Lopez, and this is 113p3rd at page 727, in some instances this analysis may involve additional fact-finding by the trial judge. If it does, the rule of Blakely applies. Now, I think the reason why additional fact-finding is not always necessary is because an aggravating circumstance can be based on facts that tend to establish the elements of the offense itself and are therefore included in the record of conviction. I think Lopez expressly recognized this, and the Colorado Supreme Court had earlier held the same in People v. Glesky. The second point I want to make about state law is the one you heard about the circumstance needing to be unusual or unique to the defendant, which was advanced in Mr. Davis's reply brief. And here I would point out a difference in text and therefore meaning between the drug sentencing statute at issue here and the general sentencing statute at issue in the cases that Mr. Davis relies on. The drug sentencing statute simply refers to an aggravating circumstance. The general sentencing statute refers to an extraordinary aggravating circumstance. I think if this court looks at the cases Mr. Davis relies on, and I would point specifically to People v. Phillips, which is 652p2nd 575, I think it will see that this unusual or unique to the defendant requirement for the general statute stems from the word extraordinary. And I would submit that the same limitation doesn't apply to the drug sentencing statute, given that clear difference in meaning. The upshot of all of this from our perspective is that given the breadth of Colorado law, whatever underlies the record of conviction can support an aggravating circumstance, even if all that underlies the record of admission, record of conviction, excuse me, is a bare admission to the elements of the offense. I think that is enough to authorize an aggravated sentence. Now to say that an aggravated sentence is authorized is not necessarily to say that one is warranted, but I think those are two distinct questions. And I think the first one goes to what the offense is punishable by for purposes of section 922g1. So is this offense always punishable? Your Honor, I would say it is always punishable by more than a year of imprisonment, given how broad Colorado law is when it comes to aggravating circumstances. It requires a finding. There has to be a finding of an aggravating circumstance before the judge can impose a sentence greater than a year. Is that correct? That is correct, Your Honor. There was no finding made. Is that correct? Correct. So the federal judge would have to say that there could have been a finding made, but that is a fact finding that seems inconsistent to me with Apprendi in terms of how the fact finding has to be made. Sometimes it will be a conviction will be the basis of the aggravating circumstance and the judge can do that, but then there has to be a finding that that conviction justifies an aggravating circumstance. Sometimes the aggravating circumstance will be facts that need to be found and under the Colorado statute, and Apprendi too, those facts need to be found by a jury. What am I missing here? Your Honor, I think under our position, the federal district court would not have to find that there was in fact an aggravating circumstance. I think it is enough that the state trial court was authorized based on the conviction alone that it could have found an aggravating circumstance based on the conviction. Again, I would distinguish between the sentence actually imposed and what sentence could have been imposed. I think our position is that given that Colorado law is not limited to specific aggravating circumstances, given that the court can rely on facts that tend to establish the elements of the offense which are necessarily encompassed with the record of conviction for the offense, that the possibility always exists. Okay, so there has to be a finding under Colorado law before a sentence greater than a year is imposed. And your position is, well, the judge could always make a finding or a jury could always make a finding of an aggravating circumstance so the sentence can always be greater than a year. I think that's the gist of your argument. I think that's the gist of our argument. And I think it stems from the fact that Colorado law is not limited to specific aggravating circumstances. I think this would be a different case, this would probably be Brooks or Heise, if Colorado law were limited to specific aggravating circumstances. And this distinction is not one I just pulled out of thin air. It's one that the Ninth Circuit emphasized in Valencia-Mendoza in dealing with Washington's sentencing system. And I think Washington's sentencing system was once similar to Colorado's in that there were no specific enumerated aggravating circumstance. Washington then made its system more restrictive and limited aggravated sentences to specific circumstances. And the Ninth Circuit explained that that distinction mattered because it went to what punishment the legislature assigned to the offense itself. And I think the same distinction applies here. Do you acknowledge that there's some guardrails, I think was the term, that the state Supreme Court might say that is not an aggravating, that's not a sufficient aggravating circumstance to justify the enhanced sentence? Is that correct? I do, Your Honor, but I'm not sure the question, I'm not sure the punishable question under Section 922G necessarily incorporates every aspect of a state's sentencing law. And let me maybe use an example that I think illustrates that point. I think if a federal district court imposed a 60-month sentence on a 922G and said that any greater sentence would be greater than necessary and therefore in violation of Section 3553A, I don't think we would say that that necessarily caps what the crime is punishable by. And so... Well, isn't that a poor example, though, to compare the federal sentencing scheme to Colorado? I mean, I think this court and every court, the post booker has talked about how the sentencing guidelines are imposed in federal court, which is different than Colorado. But can I go back to something I'm hung up on a little bit? Even if it's true that Colorado doesn't define aggravating circumstances, so sort of the universe of what that means, perhaps it could just be anything that satisfies the goals of sentencing and the judge's determination. But because there still has to be a factual finding, I thought I heard you say a moment ago, well, because it's possible the court could find these facts, therefore it's punishable. Why doesn't that violate HEISI? I mean, HEISI says explicitly the mere possibility that there are other facts is not something that we can consider now when looking back on the record of the case. We're confined to looking back at what the record of this case for this defendant was. Sure, and let me... Perhaps I misspoke, and let me try and be a little more precise. I'm not saying that the state trial court could have found additional facts that constitute an aggravating circumstance. I'm saying that the court could have found an aggravating circumstance based on the facts encompassed in the particular defendant's record of conviction. And I think that, again, goes back to the breadth of Colorado law, where in Lesky, for example, the Colorado Supreme Court said that the facts that tend to establish the elements themselves can be relied on by the trial court to justify an aggravating circumstance. So it's not the reliance on the possibility of facts outside of the record. It is the possibility of facts within the record constituting an aggravating circumstance. If every conviction for the imitation-controlled substance is punishable by more than ear, why even have presumptive and aggravating? I don't just have the one range, and the court can sentence anywhere within it, depending on what the court thinks. Certainly Lopez rejected that argument, and I'm not disputing that point. I think Lopez is a little more nuanced. I think Lopez recognizes that... Did Lopez contemplate what I just asked? Lopez is talking about Blakely and Apprendi. Correct. And my example is not a Blakely or Apprendi. It's just open sentencing. Right. And I think Lopez rejected the notion that the statute sets a simple range from half the presumptive range to two times the presumptive range, which was the range in the general statute. So I am not disputing that point, which I think goes to your concern that my argument is essentially doing that. And let me try and address that point. I think what Lopez recognizes is that in some instances, going above the presumptive range will require additional fact-finding, and there we get all the Blakely-Apprendi protections, but in some instances it doesn't, and I think that slightly more open path is what ultimately makes the offense punishable by the record of conviction alone, in our view. And ultimately, the way I see this case, I think if based on whatever facts were properly before the trial court here, it thought that a sentence of more than a year was appropriate, it could have imposed that sentence. It would have had to make certain findings, but it could have imposed that sentence in a way that I think was impossible in Brooks and Heise, and I think that's what distinguishes this case from those cases and why this court should affirm. And unless there are further questions, that is what I would ask the court to do. So every one of these cases, by definition, has an aggravating circumstance that can be proved beyond a reasonable doubt? No. I would say that every one of these cases has the potential for an aggravating circumstance included in the record of conviction because Colorado law permits an aggravating circumstance to be based on the facts that tend to establish the elements. That sounds like yes to me. I heard the no, but everything that followed sounded like yes to me. Again, I would distinguish between whether or not there is, whether or not the trial court ultimately finds an aggravating circumstance versus whether it could based on the record of conviction. Thank you. So in other words, if the sentencing court in Colorado says, well, I see you distributed the baking soda in July, and the date of the offense is part of the elements, and I find that particularly aggravating because, you know, people who deal baking soda in July disrupt the flow of summer. So I'm going to send you above the presumptive range. That would be lawful? I think it may not be lawful as a matter of the court's exercise of its sentencing discretion. I don't think you would necessarily have a Sixth Amendment issue there, and I think the punishable inquiry in going to what is punishable based on the record of conviction overlaps with the Sixth Amendment inquiry. We acknowledge that. So I think it might be a different error. It might be unlawful in other respects, but I don't think we would say that, you know, the crime is limited in terms of what is punishable. All right. Thank you. Your Honors, on Colorado law, I asked the court to look at footnote 5 in my reply brief. It is clearly established in Colorado that in order to aggravate a sentence     fact-finding is required beyond the elements of the crime itself. I quote in Mount Joy, which says, to aggravate a defendant's sentence under a sentencing scheme such as the one in Blakely or R-18-1.3-4016, the trial court must rely on facts outside the elements itself. This court said the same thing in its Allen v. Reed case. I bring this up because what this means is that it imposes significant procedural limitations on the trial court's fact-finding abilities. Here, Mr. Davis pled guilty to distribution of an imitation substance. He did not plead guilty to an aggravated crime of distribution of imitation substance or a DF-4+. These additional findings have to be made because they are elements of an offense under Blakely. That is constitutionally significant. And so, Your Honors, with the limited time, I just want to mention that we, yes, we are not talking about hypotheticals. Brooks and Heise issue that. The fact that there might be some sort of hypotheticals lurking in the record is irrelevant. We look at the record of conviction and that's- Let me ask you a question because your time's almost up. Yeah. Do you think Murillo, the Ninth Circuit opinion, was wrongly decided or how would you distinguish it? Sorry, which opinion? Murillo, M-U-R-I-L-L-O. I don't recall that one. I know it's discussed among the Ninth Circuit opinions. Well, the more recent opinion distinguished it, saying that was a statute that was different. But I noticed it has a red mark on the West check, but it really wasn't overruled, maybe in part by the later decision of the Ninth Circuit. Okay, you- Yeah. Are you familiar enough with it? I'm not familiar with Murillo, but I'm familiar with McCaudrey and the other Ninth Circuit cases, which are basically indistinguishable, which do not refer to hypotheticals. They refer to what was found in the record. Thank you. Thank you. Thank you, counsel. Case is submitted. Counselor excused.